# EXHIBIT A

By:    Daniel W. McDonald (dmcdonald@merchantgould.com)
       Merchant & Gould P.C.
       3200 IDS Center
       80 South 8th Street
       Minneapolis, MN 55402
       Tel: (612) 332-5300
       Fax: (612) 332-9081

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

MEDTRONIC, INC.
Petitioner

v.

ROBERT BOSCH HEALTHCARE SYSTEMS, INC.
Patent Owner
_____

Case IPR2014-00488 (Patent No. 7,769,605 B2)
Case IPR2014-00607 (Patent No. 7,870,249 B2)[1]
_____

**PETITIONER'S OPPOSITION TO PATENT OWNER'S MOTION TO TERMINATE FOR FAILURE TO IDENTIFY ALL REAL PARTIES IN INTEREST**

_____

[1] Case IPR 2014-00691 has been consolidated with Case IPR2014-00607.

Pursuant to the Board's authorization, Medtronic files this opposition paper in both

proceedings using a caption referring to both proceedings. *See* IPR2014-00488,

Paper 27, at 4, and IPR2014-00607, Paper 31, at 4.

MEDTRONIC EXH 1061
MEDTRONIC v. BOSCH IPR2014-00488

# TABLE OF CONTENTS

I.      Introduction ......................................................................................1

II.     Medtronic named itself the sole real party in interest in good faith; it gained
        no benefit from not naming Cardiocom. .......................................................2

III.    Medtronic is the sole real party in interest because it exercised exclusive
        control over the subject IPRs.........................................................................3

IV.     Termination is inappropriate even if Cardiocom was held to be a RPI. ..........8

V.      Conclusion ....................................................................................10

i

**2**

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Evolutionary Intelligence, LLC*,
Case IPR2014-0086, Paper 13 (P.T.A.B. June 3, 2014)................................... 4, 5

*First Data Corp. v. Cardsoft, LLC*,
Case IPR2014-00715, Paper 9 (P.TA.B. Oct. 17, 2014). ....................................7

*Medtronic, Inc. v. Robert Bosch Health. Sys., Inc.*,
Case IPR2014-00488, Paper 17 (P.T.A.B. Sept. 11, 2014)....................... 3, 4, 10

*Motorola Mobility LLC v. Intellectual Ventures II LLC,*
Case IPR2014-00504, 2014 WL 4593412, Paper 12 (Sept. 10, 2014).......... 9, 10

*Nichia Corp. v. Emcore Corp.*,
Case IPR2012-00005, Paper 68 (P.T.A.B. Feb. 11, 2014) .............................. 5, 6

*Prevor-Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Mgmt., Inc.*,
620 F.2d 1 (1st Cir. 1980) ....................................................................................9

*RPX Corp. v. Virnetx Inc.*,
Case IPR2014-00171, Paper 49 (P.T.A.B. June 5, 2014)......................................6

*Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*,
Case IPR2013-00246, Paper 62 (P.T.A.B. Oct. 9, 2014) ....................................3

*Syntroleum Corp. v. Neste Oil OYJ*,
Case IPR2013-00178, Paper 22 (P.T.A.B. Sept. 4, 2013)....................................5

*Wavemarket Inc. v. Locationet Sys. Ltd.*,
Case IPR2014-00199, Paper 34 (P.T.A.B. Aug. 11, 2014) ..................................4

*Zoll Lifecor Corp v. Philips Elecs. N. Am. Corp.*,
Case IPR2013-00607, Paper 13 (P.T.A.B. Mar. 20, 2014) ........... 3, 4, 6, 7, 9, 10

**3**

**Statutes**

35 U.S.C. § 314(d) ......................................................................................... 2, 10

**Other Authorities**

Fed. R. Civ. P. 17 ...............................................................................................9

37 C.F.R. § 42.1 (2014) .....................................................................................3

37 C.F.R. § 42.5 (2014) ................................................................................. 10

37 C.F.R. § 42.20 (2014) ..................................................................................3

37 C.F.R. § 42.71 (2014) ............................................................................... 10

37 C.F.R. § 42.106 (2014) ............................................................................ 10

77 Fed. Reg. 48680 (Aug. 14, 2012).............................................................. 10

77 Fed. Reg. 48756 (Aug. 14, 2012) ............................................................ 8, 9

MPEP § 706.02(I)(2)...........................................................................................8

**4**

## I.      Introduction

Medtronic is the sole real party in interest (RPI) in the -488, -607, and -691 *inter partes* reviews because it exclusively controlled all aspects of these proceedings from their initial conception, through petition filings, to their current prosecution.  Despite Bosch's red herring arguments to the contrary, Medtronic had no motivation to exclude Cardiocom as a named RPI.

Bosch bears the burden of establishing by a preponderance of evidence that Cardiocom must also be named as a RPI.  While Bosch's motion properly acknowledges that control is the focus of the RPI analysis, it fails to present anything beyond mere speculation of Cardiocom's alleged control.  Even though Bosch has failed to meet its burden, Medtronic submits herewith five declarations to confirm Cardiocom had no control or opportunity to control any aspect of the subject IPRs.

Bosch's motion ignores common sense understandings of a parent-subsidiary relationship, as well as Medtronic's independent interests in invalidating the Bosch patents.  When the subject petitions were filed, Cardiocom was a wholly-owned subsidiary of Medtronic.  Medtronic also folded Cardiocom's finances into its own.  As Bosch well knows, it has accused Medtronic products *other than* those of Cardiocom of infringing *at least* the '605 patent.  Medtronic thus had independent incentives to pursue and control the IPRs.

Moreover, termination of these IPRs is improper regardless of whether Cardiocom is a RPI.  Bosch lacks authority for its request to terminate *after* trial is instituted.  Consistent with the Patent Trial Practice Guide, RPIs may and should be joined as if they were part of the proceeding *from their commencement*.  Finally, Bosch's motion is untimely at least because decisions instituting trial are final under 35 U.S.C. § 314(d) and because Bosch did not seek reconsideration of its prior, denied requests.

## II. Medtronic named itself the sole real party in interest in good faith; it gained no benefit from not naming Cardiocom.

Medtronic had a factually grounded, objectively reasonable belief that Cardiocom should not be named as a RPI in the subject IPR petitions.  Hohenshell Decl., Ex. 1030/1039, at ¶¶2-11.  Medtronic disclosed its relationship with Cardiocom as a wholly-owned subsidiary.  -488 Petition at 3; -607 Petition at 3; -691 Petition at 3.

Medtronic gained nothing by not naming Cardiocom as a RPI.  The subject petitions were all filed less than one year after Cardiocom was served with an infringement complaint by Bosch.  Thus, the petitions were timely regardless of whether Cardiocom was a RPI.  In any event, Cardiocom is a privy of Medtronic by virtue of its subsidiary-parent relationship, and estoppel will thus apply to Cardiocom regardless of whether it was a named RPI.  Bosch's insinuations of bad motive are unsupported by the facts.

### III.    Medtronic is the sole real party in interest because it exercised exclusive control over the subject IPRs.

In an IPR, the party requesting relief (here, Bosch) bears the burden of proof to establish that it is entitled to the requested relief. 37 C.F.R. § 42.20(c).  The burden of proof is by a preponderance of the evidence. 37 C.F.R. § 42.1(d).  The Board has confirmed that the burden is on a patent owner to show that a nonparty should have been named as a RPI.  *See, e.g., Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*, IPR2013-00246, Paper 62, at 11-12.  Bosch failed to show Cardiocom has control of or the right to control the IPRs, and thus failed to satisfy its burden.

Control is the focus of the RPI analysis.  "[V]arious factors may be considered, including whether the non-party exercises, or could exercise, control over the petitioner's participation in the proceeding, and whether the non-party is funding or directing the proceeding."  *See, e.g., Medtronic, Inc. v. Robert Bosch Health. Sys., Inc.*, IPR2014-00488, Paper 17 at 10.  "[T]he evidence as a whole must show that the non-party possessed effective control from a practical standpoint."  Bosch Mtn. at 8.

Medtronic alone made the decision to pursue the subject IPRs and exclusively controlled the subject matter and drafting of the petitions.  Cardiocom had no role.  Hohenshell Decl. at ¶¶4-5.  Medtronic employees—and no Cardiocom employees—participated in a court-ordered mediation related to the patents involved in the subject IPRs.  McDonald Decl., Ex. 1031/1040, at ¶5; *cf.*

3

**7**

*Zoll Lifecor Corp v. Philips Elecs. N. Am. Corp.*, IPR2013-00607, Paper 13, at 10 (presence of parent company's management at mediation suggested a controlling parent that is a RPI in an IPR filed by subsidiary).

Bosch's motion recites facts consistent with and indeed expected when a parent acquires a subsidiary. As the Board noted, the parent-subsidiary relationship does not, however, establish that Cardiocom—as the *subsidiary*—has any control: "Cardiocom is a wholly-owned subsidiary of [Medtronic], indicating that [Medtronic] has the ability to exercise some measure of control over its subsidiary, and not necessarily the reverse." *Medtronic*, IPR2014-00488, Paper 17, at 11.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

████████      *See* Ex. 2078/Ex. 2090 at 3-4; Shimabukuro Decl., Ex. 1032/1041, at ¶¶3-4; Ex. 1023/1032 at 55, 75-76.  Bosch also cites the joint defense privilege assertions for communications between Medtronic and Cardiocom.  Bosch Mtn. at 5-6.  This assertion indicates that Cardiocom is a privy, but does not show it is a RPI.  Privity encompasses parties that are not RPIs. *Wavemarket Inc. v. Locationet Sys. Ltd.*, IPR2014-00199, Paper 34 at 5.  The privilege claims are consistent with Medtronic's control over the proceedings and fail to establish that Cardiocom is a RPI.  Hohenshell Decl. at ¶¶8-9; *see Apple Inc. v. Evolutionary Intelligence, LLC*,

**8**

IPR2014-0086, Paper 13, at 3 (holding RPI evidence should be based on a relationship that "extends beyond participation in a Joint Defense Group.").

Bosch also cites Medtronic's use of the same outside counsel on two of the three Petitions and use of the same expert, Dr. Robert Stone, previously used by Cardiocom. Bosch Mtn. at 7. Bosch alleges that Dr. Stone had an agreement with Cardiocom, when in fact he did not. *Compare* Bosch Mtn. at 6-7 *with* McDonald Decl. at ¶ 6; *see* Hohenshell Decl. at ¶7. In any event, the Board has previously and appropriately held that such sharing does not evidence control. *See Syntroleum Corp. v. Neste Oil OYJ*, IPR2013-00178, Paper 22, at 7; *Nichia Corp. v. Emcore Corp.*, IPR2012-00005, Paper 68, at 4. Moreover, the -691 petition was filed by Sterne Kessler Goldstein & Fox. Hohenshell Decl. at ¶6. Sterne Kessler has never represented or communicated with Cardiocom. *Id.*

Bosch selectively cites Cardiocom briefing regarding Cardiocom's successful motion to stay litigation involving six patents including the '605 and '249 patent. Bosch ignores Cardiocom's statements in those briefs that "Medtronic . . . filed its own petition for IPR against the '605 patent" and that "Medtronic filed two petitions for IPR . . . to address all of the claims in the '249 Patent." Ex. 2076/2088 at 10-11. Bosch instead cites more general, albeit literally erroneous, statements directed to all six patents in suit. *See* Bosch's Mtn. at 4. These general statements should not supersede the more precise statements quoted above that

**9**

specify Medtronic filed the subject Petitions.  Moreover, the Board has previously recognized that such general statements pulled from a motion for stay are not evidence of control.  *Nichia*, IPR2012-00005, Paper 68, at 3-4 (holding erroneous statements made as part of a motion to stay did not evidence subsidiary control).

The *RPX* and *Zoll* cases cited by Bosch also do not support a finding that Cardiocom is a RPI.  In *RPX*, Apple was held to be a RPI because RPX Corporation was a trade association acting solely as a proxy for Apple and had no independent interest in the IPR.  *See* IPR2014-00171, Paper 49.  Here, in contrast, Medtronic has its own interest in challenging the '605 and '249 patents both apart from Cardiocom and as Cardiocom's parent.  Bosch sent an email to Medtronic executives in April of 2014 "to re-ignite the communication" from prior years between Bosch and Medtronic, alleging infringement of preexisting non-Cardiocom products such as CareLink and pacemakers.  Hanson Decl., Ex. 1033/1042, at ¶¶2-3.  In 2011, well before Medtronic acquired Cardiocom, Bosch announced an industry-wide licensing program that included multiple lawsuits against medical device companies.  McDonald Decl. at ¶¶7-8; *see* Ex. 1028/1037. Bosch's allegations against Medtronic's non-Cardiocom products specify "at least" the '605 and other patents, without excluding the '249 patent.  McDonald Decl. at ¶¶2-4; *see* Exs. 1025/1034, 1026/1035 and 1027/1036.  In contrast to *RPX*, Medtronic has good reason to control the IPRs by itself.

**10**

In *Zoll*, the panel held that a *parent* corporation was a RPI because it had control over the actions of the subsidiary and appeared to have employees involved in preparing the petition. *See* IPR2013-00607, Paper 13. In contrast, Cardiocom is a *subsidiary* of Medtronic and did not participate in preparing the IPRs.

Medtronic also controls the funding for the IPRs. Drayton Decl., Ex. 1034/1043 at ¶¶2-5. Bosch infers otherwise based on an email from Cardiocom requesting *Medtronic's* approval to pay a pre-Petitions invoice submitted to Cardiocom from Merchant & Gould. *See* Ex. 2092. To the contrary, the email establishes *Medtronic's* control, not Cardiocom's. By January 1, 2014, Medtronic had assumed control of legal proceedings, including approval of all legal bills and budgeting regarding those proceedings, regardless of whether Cardiocom received the bills. Drayton Decl. at ¶¶2-5. Cardiocom lacked authority to pay and thus sought Medtronic's approval to pay. *Id.* at ¶5; *see* Ex. 1024/1033. Medtronic controlled the payment, with Cardiocom acting as its agent. *Id.* at ¶5. Medtronic continued controlling payments as Medtronic, not Cardiocom, received all invoices related to the IPRs after the invoice referenced in Ex. 2080/2092. *Id.*

Unlike the party in the *First Data* case, which Bosch relies on, Cardiocom did not control funding or any other aspect of the Petitions or IPRs. Medtronic's control of the funding throughout the Petition and IPR process further demonstrates that it, and not Cardiocom, is the sole RPI.

**11**

Bosch also cites Cardiocom's *previous* petitions for review of the '605 and '249 patents on which the Board did not institute trial.  Bosch Mtn. at 9.  Those petitions were filed in July of 2013, <u>before</u> Medtronic acquired Cardiocom, properly naming Cardiocom as the sole RPI.  Medtronic assumed control over these previous IPR petitions *after* it acquired Cardiocom.  Hohenshell Decl. at ¶2. Medtronic thus was added as a RPI. Hohenshell Decl. at ¶3.  Cardiocom remained identified as a RPI because of Cardiocom's pre-acquisition control of the IPRs.

That history of the earlier proceedings is of little relevance here.  Unlike those matters, only one party has controlled the instant IPRs from the beginning: Medtronic.  Hohenshell Decl. at ¶¶10-11.

## IV.    Termination is inappropriate even if Cardiocom was held to be a RPI.

Medtronic had a factually grounded, objectively reasonable basis to name itself as the sole RPI in the subject IPR petitions.  Medtronic disclosed its parent-subsidiary relationship with Cardiocom in the Petitions.  -488 Petition at 3; -607 Petition at 3; -691 Petition at 3.  Medtronic thus fulfilled the core function of the RPI requirement of "assuring proper application of the statutory estoppel provisions."  Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48759 (Aug. 14, 2012) ("Practice Guide"); *see also* MPEP § 706.02(I)(2) (Example 1 noting inventions of wholly owned subsidiaries are recognized as commonly owned by the parent for terminal disclaimer purposes).

**12**

Explaining the principles of the RPI requirement, the Practice Guide cites Fed. R. Civ. P. 17.  *See* 77 Fed. Reg. 48756, 48759.  Under the Rule 17 framework, the petitioner should be given the opportunity to join a nonparty "as if [the action] had been originally commenced by the [newly-added RPI]."  Fed. R. Civ. P. 17(a)(3).  District courts "may not dismiss an action for failure to prosecute in the name of the [RPI]" without providing a reasonable time to allow for joinder.  *Id.*

Applying the rule and guidelines here, Medtronic should be allowed reasonable time to join Cardiocom, while the IPRs proceed, should the Board deem Cardiocom to be a RPI.  "The 'main thrust' of [Rule 17(a)(3)] 'is to allow a correction in parties after the statute of limitations has run despite the valid objection that the original action was not brought by the [RPI].'"  *Prevor-Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Mgmt., Inc.*, 620 F.2d 1, 3 n.2 (1st Cir. 1980).  The RPI determination is an inexact science at best. Rule 17's requirement to allow joinder to have retroactive effect shows that termination is too drastic a remedy.  *See* McDonald Decl. at ¶9; Ex. 1029/1038 (citing responses to the Office's request for public comments regarding real party in interest issues).

Bosch cites *Zoll* to support the assertion that "failure to name all RPIs renders the Petition incomplete."  Bosch Mtn. at 10.  It also cites *Motorola Mobility LLC v. Intellectual Ventures II LLC,* IPR2014-00500, Paper No. 12, at 5, regarding whether a petition "may be considered" absent all RPIs.  In both of those

**13**

cases, however, and unlike here, the Board had not decided to institute trial yet, and petition completeness remained an open issue.[2]  Here, the Board found the Petitions complete, instituting trials—final determinations under 35 U.S.C. § 314(d).  Moreover, *Zoll* did not consider Rule 17(a)(3).  *Motorola* found the petition proper despite ambiguity in naming the RPI because the "notice-type considerations set forth in the Practice Guide" were met.  *See* IPR2014-00500, Paper No. 12, at 9.  Thus, neither Bosch's cases nor Office Guidance supports termination.  77 Fed. Reg. 48680, 48695.

Bosch's motion also should be denied as an untimely request for rehearing the Board's earlier rejection of the same arguments.  *See, e.g.*, *Medtronic,* IPR2014-00488, Paper 17, at 9-11.  Bosch improperly ignores this defect in its request and has no excuse for missing the 14-day deadline to seek reconsideration of the decisions instituting the IPRs.  *See* 37 C.F.R.§ 42.71(d).

V.      **Conclusion**

The Board should deny Bosch's motion to terminate.  Medtronic is the sole RPI.  If the Board finds Cardiocom also is a RPI, Medtronic should be allowed the opportunity to identify Cardiocom as a RPI such that the IPRs proceed.

---

[2] *Zoll* cites 37 C.F.R. § 42.106, which requires that a petition must be complete to receive a filing date.  This regulatory, not statutory, requirement does not apply here but can and should be waived under 37 C.F.R. § 42.5(b) if deemed relevant.

**14**

Date:  December 16, 2014

Respectfully submitted,

/Daniel W. McDonald/
Daniel W. McDonald, Reg. No. 32,044
MERCHANT & GOULD P.C.
Attorney for Petitioner Medtronic, Inc.

11

**15**

## CERTIFICATION OF SERVICE

Pursuant to 37 C.F.R § 42.6, the undersigned hereby certifies that a copy of

this PETITIONER'S OPPOSITION TO PATENT OWNER'S MOTION TO

TERMINATE FOR FAILURE TO IDENTIFY ALL REAL PARTIES IN

INTEREST has been served on December 16, 2014, by email on counsel of record

for the patent owner at the following name and address:

Don Daybell (ddaybell@orrick.com)
Davin M. Stockwell (dstockwell@orrick.com)
Bas de Blank (basdeblank@orrick.com)
Lillian Mao (lmao@orrick.com)
BoschvMedtronic-IPRServiceList@orrick.com
ORRICK, HERRINGTON, &
SUTCLIFFE LLP
2050 Main St., Suite 1100
Irvine, CA 92614
Tel: 949-567-6700
Fax: 949-567-6710


Respectfully submitted,

Date:  December 16, 2014

/Daniel W. McDonald/
Daniel W. McDonald, Reg. No. 32,044
MERCHANT & GOULD P.C.
Attorney for Petitioner Medtronic, Inc.

**16**